WALTER OTIS LOOMIS, as Sole Executor, etc., of THERINA A. KING, Deceased, Respondent, v. FRANK C. DILDINE, Individually, and as Trustee, etc., Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ.

FRANCESCO MARRONE, Appellant, v. CHARLES S. SOMERS COAL COMPANY, INC., Respondent.— Judgment modified by allowing to the plaintiff damages computed at thirty cents per ton during the summer months and fifty cents per ton during the winter months, for the coal undelivered on the stipulated amount of seventy-eight tons a week during the year 1918. Additional findings should be made to support such modification, and as so modified the judgment is unanimously affirmed, with costs to the appellant. The statement of the account between the parties, as found by the referee, is correct except that the referee should have found that plaintiff had established a cause of action for a breach of contract. Under the circumstances of the case the failure of defendant to deliver to plaintiff the stipulated amount of coal — seventy-eight tons a week — was of such a nature as warranted plaintiff in refusing to proceed further and in suing for damages for a breach of the entire contract. (Pers. Prop. Law, § 126.)* The control of the supply of coal by the general government was not such as necessarily affected the terms and conditions of the contract; if it was, the only effect was to annul the contract, and this neither defendant nor plaintiff claims. The failure of plaintiff to pay for the coal weekly in accordance with the terms of the contract was not so material as to justify defendant in refusing to proceed further with the contract; nor did the defendant so refuse. As plaintiff had agreed to take the coal at the market price, the measure of damages is the commission or rebate of thirty cents a ton during the summer months and fifty cents a ton during the winter months upon the coal undelivered under the contract. Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ., concur. Settle findings and judgment before Mr. Justice Blackmar.

MARY MIZECK, as Administratrix, etc., of JOHN MIZECK, Deceased, Respondent, v. ANTHONY O'BOYLE, Appellant.— Judgment and order reversed and new trial granted, with costs to abide the event. (See *Fox v. Warner-Quinlan Asphalt Co.*, 204 N. Y. 240.) Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ., concur.

SAMUEL NATHAN, Respondent, v. MORTIMER A. HARRISON, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ.

ROSE M. PALMER and LILLIAN PALMER, Appellants, v. ROTARY REALTY Co., INC., and Others, Respondents.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Mills, Rich, Kelly and Jaycox, JJ., concur.

---

* Added by Laws of 1911, chap. 571.— [REP.